UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STACY A. FOULKE,

                      Plaintiff,                  03-cv-6176
                                                  (SJF)(ETB)

     -against-

                                                  **OPINION & ORDER**

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE AGENCY,

                      Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

     *Pro se* plaintiff Stacy A. Foulke ("Plaintiff") commenced this action pursuant to 42 U.S.C. §§ 2000e *et seq* ("Title VII"), alleging that she had been subjected to unlawful discrimination on account of her race and her gender, and unlawful retaliation. Defendants John E. Potter, Postmaster General, and the United States Postal Service ("Defendants") move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, Defendants' motion for summary judgment is granted.

II.   Background

     Plaintiff was employed by United States Postal Service ("USPS") as a supervisor of customer service at the Babylon Post Office beginning in December 1998. (Def. 56.1 Stmt.¶ 1).[1]

---

[1] These facts, unless indicated otherwise, are drawn from Defendant's 56.1 Statement. Plaintiff has not opposed Defendant's 56.1 Statement or submitted a competing 56.1 Statement, and the facts contained in Defendant's 56.1 Statement are therefore deemed admitted. Baker v. Dorfman, 239 F.3d 415, 422 (2d Cir. 2000).

On August 2, 2000, Plaintiff filed an Information for Precomplaint Processing with the Equal Employment Opportunity Commission ("EEOC"), alleging that she had been subjected to unlawful discrimination, on the basis of her race and sex, and unlawful retaliation. (Id. ¶ 2). The USPS and Plaintiff entered into mediation to attempt to resolve these claims, and, on April 11, 2001, entered into an EEO Settlement Agreement (the "Settlement Agreement"). (Id. ¶ 3). Pursuant to the terms of the Settlement Agreement, the parties agreed that "a mutually acceptable [Administrative Officer] position will be made available to the [Plaintiff] within 30 days of the signing of this agreement." (Id. ¶ 4; Mulry Dec., Ex. C). On April 23, 2001, Robert Hernandez, Manager of Post Office operations, advised Plaintiff of current vacancies in supervisory positions at several post offices. (Def. 56.1 Stmt.¶ 5; Mulry Dec., Ex. D). Plaintiff expressed an interest in positions at the Huntington Station and Babylon Post Offices, and Mr. Hernandez advised her that she should contact the supervisors at those locations. (Def. 56.1 Stmt.¶ 6, 7; Mulry Dec., Ex. E). Plaintiff met with both supervisors, and was informed by Mr. Hernandez that the Babylon postmaster "requested that the job be posted to allow for a wider pool of applicants to choose from. This does not preclude you from getting this office, it only means that you will be considered on a competitive basis with other applicants." (Mulry Dec., Ex. E; see also Def. 56.1 Stmt. ¶¶ 7, 8). While it is not clear what resulted from Plaintiff's meeting with the Huntington Station postmaster, (Def. 56.1 Stmt. ¶¶ 6, 7; Mulry Dec., Ex. E), it is clear that Plaintiff was never employed at that post office. (Def. 56.1 Stmt. ¶¶ 6, 7; Mulry Dec., Ex. E; Cmplt.)

On September 24, 2001, Mr. Hernandez offered Plaintiff a position as Supervisor of Customer Services at the Hicksville post office. (Def. Stmt. ¶ 9). Mr. Hernandez sent two additional letters to Plaintiff regarding this position on October 29 and November 27, 2001. (Id.

2

¶ 10). On January 30, 2002, Mr. Hernandez advised Plaintiff that there was no vacant position at the Babylon post office. (Id.). In February 2002, Plaintiff sent a letter to the EEO Compliance and Appeals Center alleging that the USPS was in breach of the Settlement Agreement. (Id. ¶ 11). Mr. Hernandez continued to advise Plaintiff of supervisory vacancies in letters dated March 8, 2002, May 14, 2002, July 15, 2002, September 9, 2002, November 13, 2002, January 10, 2003 and July 22, 2003. (Id. ¶ 12). At the same time, Plaintiff, via counsel, pursued her claim that the USPS had breached its obligations under the Settlement Agreement, which culminated in a USPS Final Agency Decision on August 2, 2002. (Id. ¶ 13; Mulry Dec., Ex. R). In that decision, the USPS concluded, inter alia, that the Settlement Agreement had not been breached. (Def. 56.1 Stmt. ¶ 13; Mulry Dec., Ex. R). Plaintiff appealed the USPS decision to the EEOC Office of Federal Operations ("OFO") which, in a decision dated May 22, 2003, affirmed the USPS's decision. (Def. 56.1 Stmt. ¶ 14; Mulry Dec., Ex. S). In reaching that determination, the OFO held that the USPS had offered Plaintiff numerous positions pursuant to its obligation under the Settlement Agreement, and therefore that there was no "evidence of bad faith or breach by the [USPS]." (Mulry Dec., Ex. S). On September 3, 2003, the OFO denied Plaintiff's request for reconsideration of the May 22, 2003 decision. (Def. 56.1 Stmt. ¶ 15; Mulry Dec., Ex. T). Plaintiff filed this action, *pro se*, on December 5, 2003. (Cmplt.). Defendant has moved to dismiss this action or, in the alternative, for summary judgment. Plaintiff has not opposed these motions.

III.   Plaintiff's *Pro Se* Status

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct.

173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

IV.     Summary Judgment

Summary judgment should not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. Id. The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. Id. at 252; Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

V.      Analysis

Plaintiff alleges that Defendants have breached their obligations under the Settlement Agreement. Specifically, Plaintiff claims (1) that Mr. Hernandez required her to meet with the

4

postmasters of the facilities in which she was interested, which she alleges "was not a term of documented stipulations within the agreement"; (Cmpt. at 3); and (2) she was not given any of the "numerous vacant positions" at the Babylon post office.[2] (Id.)

In essence, Plaintiff argues that the USPS was in breach because it did not offer her the positions she sought at the Huntington Station and Babylon post offices. The Settlement Agreement, however, requires only that the parties find a 'mutually acceptable position.' The USPS offered Plaintiff numerous positions, at several different locations, on at least 12 separate occasions. (Def. 56.1 Stmt. ¶¶ 5, 6, 12). As the OFO explained,

> A review of the record reveals that the agency contacted complainant on numerous occasions regarding various positions .... [W]e do not find the agency's actions are indicative of non-compliance. Finally, as noted by the agency, several other letters listing vacancies were sent to complainant after she alleged breach. In light of the agency's efforts, we do not find evidence of bad faith or breach by the agency ....

(Mulry Dec., Ex. S).

Even construing the facts in a light most favorable to Plaintiff, the USPS engaged in a good faith attempt to find a position for Plaintiff and, in so doing, fulfilled its obligations under the Settlement Agreement.

---

[2]To the extent Plaintiff asserts substantive discrimination claims that were addressed by the Settlement Agreement, those claims are precluded by that agreement. Maysonet v. Thompson, 2005 U.S. Dist. LEXIS 7311, at *17-18 (S.D.N.Y., Apr. 25, 2005); Johnson v. Frank, 828 F. Supp. 1143, 1151 (S.D.N.Y. 1993); see also Settlement Agreement, Mulry Dec., Ex. C. ("I fully understand that by agreeing to this resolution, I waive my rights to any further appeal of my complaint through the EEO process."). To the extent she asserts substantive discrimination claims that were not addressed by the Settlement Agreement, Plaintiff has not fulfilled her obligation to first bring those claims to the EEOC, and those claims are also precluded. Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982); Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000).

VI. Conclusion

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to close this case.

/Sandra J. Feuerstein
United States District Judge

Dated: July 20, 2005
Central Islip, New York